A90A2146. PIEDMONT HOSPITAL, INC. v. HALL et al.
(401 SE2d 51)

BEASLEY, Judge.

Defendant Piedmont Hospital, Inc., appeals the judgment entered on the jury's verdict in favor of plaintiffs, the Halls, as co-executors of the estate of their deceased mother. This is a negligence action for injuries sustained by the late Mrs. Hall when she tripped on a telephone cord and fell in defendant's Coronary Care Unit (CCU) waiting room.

1. The hospital contends that the trial court erred in failing to grant its motion for a directed verdict at the close of plaintiffs' case based on plaintiffs' failure to show that the hospital had superior knowledge of the alleged dangerous condition created by the telephone cord. See *Garnett v. Mathison*, 179 Ga. App. 242 (2) (345 SE2d 919) (1986).

The relevant evidence construed in favor of the verdict was the following. The CCU waiting room was for the use of family and friends of patients in the CCU and was open at all times. It contained a hand-held telephone, a table and other furniture which was periodically rearranged to accommodate the needs of the waiting room occupants. An intercom built into the wall was the means by which visitors in the waiting room contacted personnel in the CCU to gain access to the restricted CCU or to inquire about a CCU patient. At the time of Mrs. Hall's fall, a telephone sat on a table beneath the intercom, with the phone's standard length gray cord going down to the brown-carpeted floor in front of the table.

By the day of the fall, Mrs. Hall's husband had been hospitalized in the CCU for approximately a week. Prior to that day, Mrs. Hall had visited her husband numerous times and was familiar enough with the waiting room procedure of using the intercom that she was able to explain it to her sons. She had used the telephone without problem. The morning of the incident, Mrs. Hall had been in the waiting room and attempted to use the intercom. She left the hospital and had lunch and a glass of wine with relatives. After lunch she returned to the hospital, entered the CCU waiting room, and attempted to use the intercom. It was not fully operational and had not been so for some time. As Mrs. Hall walked away from the intercom and the table, her foot or feet became entangled in the telephone cord and she fell, fracturing her hip.

Approximately 1,000 to 1,500 people a year visited the CCU waiting room. For approximately ten years prior to Mrs. Hall's fall, no visitor had ever fallen there. The waiting room was lighted enough for occupants to read without strain. No visitor had complained about any safety problem in the room, nor about the situation of the telephone.

Inasmuch as the evidence showed that Mrs. Hall was thoroughly familiar with the waiting room and the use and relative positions of the intercom and telephone, her knowledge was equal to or superior to the defendant's, and therefore, she would be barred from recovery. *Rossano v. American Legion Post No. 29*, 189 Ga. App. 610, 612 (3) (376 SE2d 698) (1988). Even if the telephone cord was assumed to be a dangerous condition, "[w]hen a person has successfully negotiated an alleged dangerous condition on a previous occasion, that person is presumed to have knowledge of it and cannot recover for a subsequent injury resulting therefrom. [Cits.]" Id. at 612 (3). Mrs. Hall had previously used the malfunctioning intercom and movable telephone on numerous occasions and had not tripped, fallen, or sustained any injury.

At trial, plaintiffs attempted to circumvent Mrs. Hall's prior actual knowledge of the allegedly defective condition by relying on the distraction theory to excuse her from her duty of care. " 'The doctrine that a plaintiff may be excused from the otherwise required degree of care because of circumstances creating an emergency situation of peril is well recognized. From this stems the rule that a lesser degree of prudence may be sufficient to constitute ordinary care where there are circumstances causing stress or excitement. (Cit.) The doctrine is further broadened to cover situations where the plaintiff's attention is distracted by a natural and usual cause, and this is particularly true where the distraction is placed there by the defendant or where the defendant in the exercise of ordinary care should have anticipated that the distraction would occur.' [Cits.]" *Magee v. Federated Dept.*

*Stores*, 187 Ga. App. 620 (371 SE2d 99) (1988).

The claimed distraction consisted of the malfunctioning intercom, the table, the telephone and its cord, and the stress caused by the hospitalization of Mrs. Hall's husband. Even if such circumstances could properly be found to be a distraction, this situation was shown to be no different than Mrs. Hall had experienced and successfully handled on her prior visits, including her initial visit on the day of the fall. Compare *Shackelford v. DeKalb Farmer's Market*, 180 Ga. App. 348, 350 (2) (349 SE2d 241) (1986), where there was no evidence that the plaintiff had ever had prior occasion to attempt to negotiate the alleged dangerous condition.

Moreover, there was no evidence that Mrs. Hall was *in fact* distracted at the time of her mishap. Mrs. Hall had died before the time of trial and her version of the event was not presented to the jury by deposition testimony or otherwise. The only evidence of her belief as to the cause of her fall came from a treating physician who testified on cross-examination that Mrs. Hall stated that she thought the cause of her fall was her own clumsiness.

There being no evidence of the hospital's superior knowledge of the alleged dangerous condition or any evidence of any circumstances at the time of the fall which would have relieved Mrs. Hall of her duty of ordinary care, the defendant hospital was entitled as a matter of law to a verdict directed in its favor.

2. Our decision in Division 1 makes it unnecessary to address the remaining enumerations about the court's charge to the jury.

*Judgment reversed. Deen, P. J., and Pope, J., concur.*

DECIDED DECEMBER 5, 1990 —
REHEARING DENIED DECEMBER 19, 1990 — ▅▅▅▅▅▅

*Long, Weinberg, Ansley & Wheeler, Robert G. Tanner, Arnold E. Gardner*, for appellant.

*Freeman & Hawkins, Alan F. Herman, William G. Scoggin*, for appellees.