## A02A2016. DELK v. QUIKTRIP CORPORATION.
### (572 SE2d 676)

BLACKBURN, Chief Judge.

In this static defect case, Mae Francis Delk, plaintiff below, appeals the grant of defendant's motion for summary judgment on her negligence claim against QuikTrip Corporation for personal injuries suffered when she twisted her foot on a raised gas storage tank cover while traversing a store parking lot. Delk contends there is a genuine issue of fact as to whether she exercised reasonable care for her own safety because rain and heavy traffic constituted a distraction. For the following reasons set forth below, we affirm.

In reviewing the grant of summary judgment, we construe the evidence in favor of the nonmovant and conduct a de novo review of the evidence. *Lau's Corp. v. Haskins.*[1] So viewed, the record reveals that on May 5, 1999, between 5:00 and 6:00 p.m. and during a fine rain, Delk drove her car to the QuikTrip store near her home to obtain gasoline. She circled the lot and stopped at a pump near one end of the pump islands which was at an angle to the station office. After pumping her gasoline, Delk, who was wearing sneakers, took a diagonal path from the pump to the sidewalk in front of the store to pay for her gasoline. To reach the store's front door, she had to pass through the pump area, cross two lanes of traffic between the pumps and the store, weaving to the right or left to avoid the traffic, and walk between two cars parked perpendicular to the front of the store. As she walked across the lanes of traffic and the parking area in order to enter the building, she crossed an area of the pavement in which covers or caps to the gasoline storage tanks were situated. The gas caps were located in front of the store in the driving lane and

---

[1] *Lau's Corp. v. Haskins*, 261 Ga. 491, 495 (4) (405 SE2d 474) (1991).

parking area to the right of the store doorway and across from several of the gas pump islands.

Following payment for her gasoline, Delk exited the store traveling essentially the same path back to her car through the parked cars and across the traffic lanes. The rain was a little heavier than when she entered the store, but it was not heavy. As she crossed the wet parking lot, she stepped on one of the raised gas caps which was not flush with the pavement, twisting her left foot and injuring it. Although the gas cap on which she stepped was raised, it was not crooked or loose and had nothing protruding from it or covering it. Although she twisted her foot, Delk did not fall and continued walking to her car. Upon arriving home, Delk found the injury to be painful and went to an emergency room for treatment. She later filed suit against QuikTrip for the injuries to her foot.

Delk had knowledge of the gas caps prior to her injury, testifying that the gas caps were obvious even though some were raised and some were flush and some caps were lighter in color than others. During her visits to the station three to four times a week over a number of years, the location of the gas caps had not changed, but the number of pump islands had been increased, a fact which made it more likely that customers would walk across the gas caps before entering the station.

Owners or occupiers of land are liable to their business customers for injuries caused by the owners' failure to exercise ordinary care in keeping the premises and approaches safe. OCGA § 51-3-1. However, they are not insurers of their safety. Instead, "[t]he basis of liability of an owner to an invitee who is injured is the superior knowledge of the owner of the existence of a condition that could subject the invitee to an unreasonable risk of injury. It is when the perilous instrumentality is known to the owner or occupant and not known to the person injured that a recovery is permitted." (Citations, punctuation and emphasis omitted.) *Globe Oil Co., USA v. DeLong.*[2] Moreover, when the alleged dangerous condition is a static defect, a person is presumed to have knowledge of it when that person has successfully negotiated the alleged dangerous condition on a previous occasion and, therefore, cannot recover for a subsequent injury. *Christensen v. Overseas Partners Capital.*[3]

Delk does not dispute that the gas caps were a static defect or that she had knowledge about the existence of the area of raised and flush gas caps, but argues that the rain and the heavy vehicular traffic in the station were distractions which create an issue of material

---

[2] *Globe Oil Co., USA v. DeLong,* 182 Ga. App. 395, 396 (1) (356 SE2d 47) (1987).

[3] *Christensen v. Overseas Partners Capital,* 249 Ga. App. 827, 829 (2) (549 SE2d 784) (2001).

fact as to whether she exercised ordinary care for her own safety. Although under certain circumstances we have recognized that vehicular traffic may be a significant distraction for a pedestrian-invitee, in *Yasinsac v. Colonial Oil Properties*,[4] we held the distraction doctrine was not applicable when the invitee had actual knowledge of the hazard before the alleged distraction. Delk had actual knowledge about the gas cap covers prior to the purported distraction, testifying that they were obvious. She testified that she had visited the QuikTrip store frequently during both daylight and nighttime hours and during all types of weather. She also stated she had probably used each of the pumps and had approached the store from every possible angle during her prior trips to the store.

Delk cites *Shackelford v. DeKalb Farmer's Market*[5] and *Hamilton v. Kentucky Fried Chicken &c.*[6] contending that the distraction theory may apply even though the invitee had prior actual knowledge of the existence of the defective condition. Both cases are distinguishable. In *Shackelford*, supra, there was no evidence that the plaintiff had traversed the alleged hazard prior to her injury, and in *Hamilton*, supra, although the invitee had walked over the alleged hazard, it was under different circumstances, i.e., in daylight rather than nighttime. In the present case Delk safely traversed a similar path through the traffic and across the alleged hazard under the same conditions of rain and traffic immediately prior to her injury. Moreover, there was no evidence that Delk had to unexpectedly dodge any car, but only had to wait for cars normally passing through the traffic lanes and in and out of the parking spaces. Although issues of fact as to the exercise of ordinary care are generally not susceptible of summary adjudication, summary judgment is proper when the evidence is plain, palpable, and undisputed, as in this case. Delk had actual knowledge of the allegedly hazardous condition which was equal to QuikTrip's knowledge. Thus, QuikTrip did not have superior knowledge of the condition, and Delk cannot establish this element of her claim. Therefore, the trial court did not err in granting summary judgment. *Robinson v. Kroger Co.*[7]

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED OCTOBER 4, 2002 —
RECONSIDERATION DENIED OCTOBER 23, 2002.

*Robert A. Elsner*, for appellant.

---

[4] *Yasinsac v. Colonial Oil Properties*, 246 Ga. App. 484 (541 SE2d 109) (2000).
[5] *Shackelford v. DeKalb Farmer's Market*, 180 Ga. App. 348 (349 SE2d 241) (1986).
[6] *Hamilton v. Kentucky Fried Chicken &c.*, 248 Ga. App. 245 (545 SE2d 375) (2001).
[7] *Robinson v. Kroger Co.*, 268 Ga. 735, 748 (493 SE2d 403) (1997).

*Swift, Currie, McGhee & Hiers, Lynn M. Roberson, Patricia M. Peters*, for appellee.