A04A1668. GANTT v. DAVE & BUSTER'S OF GEORGIA, INC.
et al.
(610 SE2d 116)

MILLER, Judge.

Gretta Gantt appeals from the trial court's grant of summary judgment to the appellees[1] (hereinafter Dave & Buster's) on her claim for personal injuries suffered when she fell on a step-down at a Dave & Buster's facility. For the following reasons, we affirm.

To prevail on a motion for summary judgment, the moving party must show that there is no genuine issue of material fact, and that the undisputed facts, viewed in a light most favorable to the party opposing the motion, warrant judgment as a matter of law. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). When reviewing the grant of a motion for summary judgment, we conduct a de novo review of the law and evidence. *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

Viewed in the light most favorable to Gantt, the evidence showed that while visiting a Dave & Buster's family entertainment center, Gantt and her sister stepped up onto a raised platform to play a race car video game. After the two finished, Gantt stepped back down the same single step and fell, injuring her ankle and leg. Gantt deposed that she looked down but did not see the step-down. The step-up was marked by a white border across the vertical portion of the top level (visible only from the bottom level), while the top level was marked with a brown strip along its edge.

Dave & Buster's moved for summary judgment. The trial court granted the motion, and Gantt now appeals.

"Where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe." OCGA § 51-3-1. However, in order to recover for injuries, "an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (2) (b) (493 SE2d 403) (1997). Moreover, "the plaintiff's evidentiary proof concerning the second prong is not shouldered until the defendant establishes negligence on the part of the plaintiff — i.e., that the plaintiff intentionally and unreasonably exposed [her]self to a hazard

---

[1] Dave & Buster's, Inc., Dave & Buster's I, L.P., Dave & Buster's of Texas, Inc., and D&B Realty Holding, Inc. were also named as defendants.

of which the plaintiff knew or, in the exercise of ordinary care, should have known." (Footnote omitted.) *Cobb Venture, LLC v. Donaldson*, 256 Ga. App. 131, 133 (1) (567 SE2d 750) (2002).

Dave & Buster's argues that Gantt had equal knowledge of the step-down. We agree. It is well settled that "[a] claim involving a static defect differs from other slip and fall cases in that when a person has successfully negotiated an alleged dangerous condition on a previous occasion, that person is presumed to have knowledge of it and cannot recover for a subsequent injury resulting therefrom." (Citations and punctuation omitted.) *Hannah v. Hampton Auto Parts*, 234 Ga. App. 392, 394 (506 SE2d 910) (1998). The evidence here showed that Gantt stepped up onto the platform and was therefore charged with the knowledge that she had to step down upon leaving the area. See *Ballew v. Summerfield Hotel Corp.*, 255 Ga. App. 494, 497 (4) (565 SE2d 844) (2002) (plaintiff was charged with equal knowledge of hazard where she had previously traversed area).

Gantt argues that Dave & Buster's had a duty to warn her of the step-down because it is in the business of games and entertainment where everything is designed to distract and divert the attention of the invitees. This argument is without merit, since Gantt failed to show that she was distracted as she stepped down from the platform. In fact, Gantt deposed that she was looking where she was walking just prior to her fall.

Therefore, as Gantt had knowledge of the condition at least equal to that of Dave & Buster's, she has failed to show superior knowledge on the part of Dave & Buster's. See *Delk v. QuikTrip Corp.*, 258 Ga. App. 140, 142 (572 SE2d 676) (2002). "The basis of liability of an owner to an invitee who is injured is the superior knowledge of the owner of the existence of a condition that could subject the invitee to an unreasonable risk of injury." (Citations and punctuation omitted.) Id. at 141. The trial court did not err in granting Dave & Buster's motion for summary judgment.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JANUARY 28, 2005.

*Edwards, McLeod & Money, James M. Money, James M. Allison, Jr.*, for appellant.

*Swift, Currie, McGhee & Hiers, Lynn M. Roberson, Jamie P. Woodard*, for appellees.