A06A0893. ROWLAND v. MURPHY OIL USA, INC.
(634 SE2d 477)

PHIPPS, Judge.

Gladys Rowland broke her wrist when she tripped and fell over an advertising sign at Murphy Oil USA, Inc.'s gas station in Jesup. She sued Murphy Oil for negligently placing the sign in the path of customers and failing to warn her of the hazard. The trial court granted Murphy Oil's motion for summary judgment, ruling that the

sign was an open and obvious static condition and that Murphy Oil lacked superior knowledge of any hazard associated with it. Rowland appeals, but we find no error and affirm.

To win summary judgment, the moving party must show that there is no genuine issue of material fact and that the undisputed facts, viewed in a light most favorable to the nonmoving party, warrant judgment as a matter of law.[1] We review a trial court's grant of summary judgment de novo.[2]

Viewed in the light most favorable to Rowland, the record shows that she drove to Murphy Oil's gas station one November morning, pumped gas into her car, then walked to the cashier's window to pay. After paying, she walked back toward her car. Along the way, she tripped over the metal support legs of a large advertising sign that stood at the end of a gas pump island. As a result of the fall, Rowland broke her wrist.

She testified that she had been to that gas station multiple times before her fall. She also testified that she had parked at the same pump island before, although on the other side, and had walked to the cashier's window before. On the day of her fall, she walked past the sign on her way to the cashier's window without incident, but she did not remember seeing it. She did not recall seeing any debris or other distractions along her route.

Barry Colbert, the gas station manager, testified that he was at work when Rowland fell. He testified that the station had four of the signs, placed at the ends of the four pump islands. The sign legs were long and black and, according to Colbert, "st[u]ck out like sore thumbs" against the gray pavement. He saw Rowland pass one of the signs without incident on her way up to the cashier's window, and she returned to her car by the same route. When asked whether he knew of anyone else falling over the signs, Colbert responded:

> Never had any problems with them out there. And, you know, the signs have been there for just about since the station opened. It's a Windmaster sign with long legs on it that advertises cigarettes, cigarette carton prices and pack prices, and it's just something that's always been there. After a while you just kind of disregard it. You know, it's just something that's always there.

Business owners are liable to their customers for injuries caused by the owners' failure to exercise ordinary care to keep their premises

---

[1] *Gantt v. Dave & Buster's of Ga.*, 271 Ga. App. 457 (610 SE2d 116) (2005).

[2] Id.

and approaches safe.[3] They are not, however, insurers of their customers' safety. Rather,

> the basis of liability of an owner to an invitee who is injured is the superior knowledge of the owner of the existence of a condition that could subject the invitee to an unreasonable risk of injury. It is when the perilous instrumentality is known to the owner or occupant and not known to the person injured that a recovery is permitted.[4]

Our case law has distinguished between "emergency conditions existent on an owner's premises and static conditions which are not inherently dangerous in and of themselves."[5] With respect to static conditions, "where there is nothing to obstruct or interfere with the invitee's ability to see the static defect, the owner is justified in assuming that the visitor will see it and realize the risks involved."[6] Thus, "when a person has successfully negotiated an alleged dangerous condition on a previous occasion, that person is presumed to have knowledge of it and cannot recover for a subsequent injury resulting therefrom."[7]

Applying the static condition rule, the trial court concluded that Rowland could not prevail against Murphy Oil as a matter of law. Rowland, however, argues that the sign was not a static condition, but a moveable object whose position could have varied from day to day. Our case law has defined a static condition as "one that does not change"[8] and is not inherently dangerous.[9] The signs posed no inherent danger, and Colbert testified that they had "always been there" since the station opened. Thus, although the signs theoretically *could* have been moved, there is no evidence that they ever *were* moved, or that they were a transient or temporary condition.[10] Accordingly, we agree with the trial court that they were a static condition.

---

[3] OCGA § 51-3-1.

[4] *Delk v. QuikTrip Corp.*, 258 Ga. App. 140, 141 (572 SE2d 676) (2002) (citation and punctuation omitted).

[5] *Hadaway v. Cooner Enterprises*, 172 Ga. App. 113, 114 (321 SE2d 830) (1984) (punctuation omitted), quoting *Inglett v. Winn Dixie, Greenville*, 168 Ga. App. 192, 193 (308 SE2d 587) (1983).

[6] *MARTA v. Fife*, 220 Ga. App. 298, 300 (2) (469 SE2d 420) (1996) (citation omitted).

[7] *Gantt*, supra at 458 (citation and punctuation omitted); see also *Delk*, supra; *Hannah v. Hampton Auto Parts*, 234 Ga. App. 392, 394 (506 SE2d 910) (1998).

[8] *Wiley v. Liberty Southern*, 243 Ga. App. 110, 111 (532 SE2d 456) (2000) (citations and punctuation omitted).

[9] See *Hadaway*, supra.

[10] Compare *Wiley*, supra (slimy, dark, thick substance on hotel floor was not a static condition because there was no evidence that floor always appeared slimy or that person traversing area should have noticed substance).

Rowland also argues that she did not notice the signs before she fell. It is undisputed, however, that she had been to the gas station before and had successfully navigated past the sign in question just moments before tripping over it. Moreover, there was no evidence that Murphy Oil obscured or concealed the sign; to the contrary, it was an advertisement meant to attract customers' attention. And although Rowland asserts in her brief that it is "common knowledge" that black objects such as the sign's support legs "visually 'blend in' to concrete pavement and are difficult to see thereon," the only evidence in the record concerning the visibility of the legs was Colbert's testimony that they "stick out like sore thumbs." Finally, there was no evidence that anyone else had ever tripped over the signs. Under these circumstances, the trial court properly awarded summary judgment to Murphy Oil.[11]

*Judgment affirmed. Ruffin, C. J., and Smith, P. J., concur.*

DECIDED JULY 13, 2006.

*Smith & Phelps, Joseph L. Phelps III*, for appellant.
*Drew, Eckl & Farnham, Peter H. Schmidt II, Christopher J. O'Donnell*, for appellee.

---

[11] See *Delk*, supra (summary judgment was properly entered against regular gas station customer who tripped over raised gas cap in parking lot after paying for her gas); *Ponder v. Brooks*, 256 Ga. App. 596 (569 SE2d 267) (2002) (affirming grant of summary judgment against patron who stumbled over magazine table in waiting room; table had stood in same position for 15 years and patron had been to waiting room many times before); *Becton v. Tire King of North Columbus*, 246 Ga. App. 57 (539 SE2d 551) (2000) (tire shop was entitled to summary judgment on premises liability claim of invitee, who walked into a large planter at shop); *Hannah*, supra (affirming grant of summary judgment against plaintiff who slipped on free-standing steps behind automobile parts store, after successfully negotiating them many times).