**FIFTH DIVISION**
**DOYLE, C. J.,**
**REESE and BETHEL, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**February 24, 2017**

# In the Court of Appeals of Georgia

A16A2096. RENTZ v. PRINCE OF ALBANY, INC.                     DO-023

DOYLE, Chief Judge.

In this premises liability suit filed by Cecilia Rentz ("Rentz") against car dealer Prince of Albany, Inc., Rentz appeals from the grant of summary judgment to Prince of Albany. She contends that the trial court erred by concluding that (1) the hazard she tripped on was an open and obvious static condition, (2) she had three times successfully negotiated the hazard prior to her fall, and (3) the distraction doctrine does not preclude summary judgment. For the reasons that follow, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable

conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[1]

So viewed, the record shows that Rentz and her companion, Gerald "Pete" Rentz,[2] visited Prince of Albany to shop for a pickup truck to haul their new fifth-wheel camper. As they narrowed their choices, they were invited into the building by a salesperson, and they walked across the sales floor to meet with the salesperson in an office. The sales floor was occupied by display vehicles and had offices along one side and a detached manager's cubicle towards the middle of the floor. Also on the floor near the sales and finance offices was a "corn hole" game placed by Prince of Albany so that customers and their families could pass the time during the often tedious process of purchasing a vehicle. The game consisted of two plywood ramps measuring approximately four feet long by one foot wide; each ramp was eleven and one-half inches high at its highest point and four inches high at its lowest point. Participants play the game by taking turns trying to toss beanbags into a hole in each ramp.

---

[1] (Citation omitted.) *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

[2] Rentz and Pete were formerly married and reunited after their divorce.

The Rentzes briefly spoke to the salesperson and then walked across the sales floor to exit the building and look at a truck outside and discuss their decision. After a short time, the couple went back inside the dealership, walked back across the sales floor into an office, and continued their conversation with the sales person. As that conversation wound up, the couple rose to exit the office, and the sales person asked a question of Rentz just as she reached the threshold of the office door. She stopped and turned back toward the sales person to answer the question. She then turned back around to walk out of the office, took a step, tripped on the corn hole game, and fell on top of it, causing injuries including a torn meniscus in her knee.

Rentz sued Prince of Albany for negligently maintaining the corn hole game on the sales floor and failing to warn her of its presence. Following discovery, Prince of Albany moved for summary judgment, which motion the trial court granted after a hearing. In so ruling, the court held that the corn hole game was an unobstructed static condition in plain view, and that Rentz had successfully walked past the game three times before she tripped on it, which precluded recovery.

1. Rentz contends that the trial court erred by ruling that the corn hole game was an open and obvious static condition.

We begin with a recitation of the basic law on premises liability.

An owner or occupier of land has a duty of exercising ordinary care to keep the premises and approaches safe for any invitees. However, an owner or occupier of land is not an insurer of an invitee's safety. Rather, an invitee seeking to recover for slip and fall injuries must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier.[3]

[T]he true ground of liability is the proprietor's superior knowledge of the perilous instrumentality and the danger therefrom to persons going upon the property. It is when the perilous instrumentality is known to the owner or occupant and not known to the person injured that a recovery is permitted. One who is familiar with the premises cannot rely for recovery upon the negligence of the defendant in failing to correct a patent defect where such party had equal means with the defendant of discovering it or equal knowledge of its existence.[4]

With respect to the particular hazard in this case, the trial court ruled that it was a static condition. "A static condition is one that does not change and is dangerous

_____

[3] (Citations and punctuation omitted). *Sherrod v. Triple Play Cafe, LLC*, 285 Ga. App. 689 (647 SE2d 376) (2007), citing OCGA § 51-3-1 and quoting *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (2) (b) (493 SE2d 403) (1997).

[4] (Punctuation omitted.) *Landings Assn. v. Williams*, 291 Ga. 397, 399 (728 SE2d 577) (2012).

4

only if someone fails to see it and walks into it. If nothing obstructs the invitee's ability to see the static condition, the proprietor may safely assume that the invitee will see it and will realize any associated risks."[5]

Rentz argues that the corn hole game fails to meet this definition because it was moveable, as opposed to, for example, a curb or a pothole in a walkway. But this court has not limited the term so narrowly. For example, in *Rowland v. Murphy Oil USA, Inc.*,[6] this Court held that a metal advertising sign standing at the end of a gas pump island was a static condition, despite the fact that the sign was portable and could be moved.[7] The Court noted that there was no evidence that the signs were moved or that there was anything obstructing visitors' view of the signs.[8]

Similarly, in this case, the evidence is undisputed that the corn hole game remained in an open area of the floor where it was placed by Prince of Albany until the day of Rentz's injury. The game consisted of a four-foot-long wooden ramp

---

[5] (Punctuation omitted.) *LeCroy v. Bragg*, 319 Ga. App. 884, 886 (1) (739 SE2d 1) (2013).

[6] 280 Ga. App. 530 (634 SE2d 477) (2006).

[7] See id. at 532.

[8] See id.

readily visible from any angle. The game was in plain view with nothing obstructing patrons' view of it, and Rentz deposed that if she had looked down, she would have seen the game. Under these circumstances, the trial court did not err by ruling that the corn hole game was an open and obvious static defect.[9]

2. Rentz next argues that the trial court erred by ruling that she was barred from recovery as a matter of law because she successfully negotiated the game three times before she tripped on it. We disagree.

"If an alleged dangerous condition is a static defect, a person is presumed to have knowledge of it when that person has successfully negotiated the alleged dangerous condition on a previous occasion."[10]

> If nothing obstructs the invitee's ability to see the static condition, the proprietor may safely assume that the invitee will see it and will realize any associated risks. Consequently, as applied to the grant of summary judgment in this case, the issue is whether the factual evidence is plain, palpable, and undisputed that nothing obstructed [Rentz's] ability to see

---

[9] See id. at 533. See also *James v. Sirmans*, 299 Ga. App. 262, 263 (683 SE2d 354) (2009) (affirming summary judgment because the plaintiff acknowledged that a sidewalk crack that caused her to fall "was pretty obvious to anybody walking in the door"); *Sherrod*, 285 Ga. App. at 691 (affirming grant of summary judgment because plaintiff admitted that a static defect "was visible if she had looked at it").

[10] (Punctuation omitted.) *Nemeth v. RREEF Am., LLC*, 283 Ga. App. 795, 797 (1) (643 SE2d 283) (2007).

6

the [corn hole game] and thus the defect was or should have been visible to her.[11]

The record contains undisputed evidence that before Rentz tripped on the corn hole game, she had already walked past it three times that day – once on her way into the sales office, once on her way out, and once on her way back into the sales office for the final time. In her own deposition, Rentz testified that although she did not see the game, she must have walked past it each time she entered or left the office, and Pete deposed that they would have passed by the game three times before Rentz tripped on the game. There was no evidence to contradict these accounts or show that the game had been moved during their visit.[12] Based on this record, the trial court did not err by concluding that Rentz was legally presumed to have knowledge of the

---

[11] (Punctuation omitted.) *LeCroy*, 319 Ga. App. at 886 (1).

[12] Both Rentz and Pete speculate that because they did not notice the game, it must have been moved there while they briefly talked with the salesperson in the office. But neither Rentz nor Pete recalled seeing or hearing anything indicating that the game was moved, and there was direct testimony from Prince of Albany that the game was never moved. Based on this record, speculation by Rentz and Pete as to any movement of the game is insufficient to meet their burden on summary judgment. "Guesses or speculation which raises merely a conjecture or possibility is not sufficient to create even an inference of fact for consideration on summary judgment." *Season All Flower Shop, Inc. v. Rorie*, 323 Ga. App. 529, 534 (1) (746 SE2d 634) (2013).

7

readily discernible hazard presented by the game.[13] Rentz cannot overcome this presumption by arguing that she never saw the game because, as noted above, "[i]f nothing obstructs the invitee's ability to see the static condition, the proprietor may safely assume that the invitee will see it and will realize any associated risks."[14] The evidence of the open presence of the game and Rentz's three journeys past it is plain, palpable, and undisputed; accordingly, this enumeration is without merit.

3. Finally, Rentz contends that summary judgment is precluded by the distraction doctrine. She points to the fact that as she walked out of the sales office, the salesperson asked her a question, so she momentarily stopped and turned around to answer it. Upon turning back around to exit the office, she took a step and tripped on the corn hole game.

Under the distraction doctrine,

one is not bound to the same degree of care in discovering or apprehending danger in moments of stress or excitement or when the

---

[13] See *Nemeth*, 283 Ga. App. at 797 (1).

[14] *LeCroy*, 319 Ga. App. at 886 (1). See also *Delk v. Quiktrip Corp.*, 258 Ga. App. 140, 141 (572 SE2d 676) (2002) (affirming grant of summary judgment to defendant because plaintiff testified that the raised storage tank caps in the pavement were obvious, and she had visited the gas station multiple times before she tripped on a cap).

attention has been necessarily diverted. Application of the doctrine has the effect of excusing an invitee from exercising the otherwise required degree of care because of the circumstances created by the purported distraction.[15]

Nevertheless, "a claim involving a static defect differs from other slip and fall cases in that when a person has successfully negotiated an alleged dangerous condition on a previous occasion, that person is presumed to have equal knowledge of it and cannot recover for a subsequent injury resulting therefrom."[16]

Here, Rentz deposed that "I turned around . . . to answer [the salesperson], and then I turned back around and took a step, that's when I fell. . . . *I wasn't distracted.* I mean, I took a step[,] and my foot caught the game up high, and that's when I fell."[17] Thus, after Rentz turned back around to exit the office, nothing distracted her or prevented her from seeing the game board in her path. Further, it is undisputed that nothing distracted Rentz or obscured her view of the game board during her three journeys past it minutes prior to tripping on it, and the board was not a small, hard-to-

---

[15] (Citations and punctuation omitted.) *Robinson*, 268 Ga. at 744 (2) (a).

[16] (Citations and punctuation omitted.) *Norwich v. Shrimp Factory, Inc.*, 332 Ga. App. 159, 161-162 (770 SE2d 357) (2015). See also *Hannah v. Hampton Auto Parts*, 234 Ga. App. 392, 394 (506 SE2d 910) (1998) (same).

[17] (Emphasis supplied.)

notice defect that required extreme care to observe.[18] Based on the record before us, we discern no error in the grant of summary judgment to Prince of Albany.[19]

*Judgment affirmed. Reese and Bethel, JJ., concur.*

---

[18] See *Delk*, 258 Ga. App. at 142 (evidence of distraction did not preclude summary judgment because plaintiff had traversed hazard before she tripped on it).

[19] See *Bartlett v. McDonough Bedding Co.*, 313 Ga. App. 657, 660 (772 SE2d 380) (2012) ("the sole distraction [plaintiff] asserts, looking [at merchandise], cannot be accepted under the distraction theory because that was the very activity that brought him to [the premises]"). Cf. *Long John Silver's v. Coleman*, 223 Ga. App. 864, 865-866 (479 SE2d 141) (1996) ("Any distraction was self-induced by [the plaintiff's] decision to read the sign while walking rather than stop to read it, preventing recovery."); *Huntley Jiffy Stores v. Grigsby*, 208 Ga. App. 634, 635 (431 SE2d 435) (1993) (rejecting distraction theory because "[w]hen a person has successfully negotiated an alleged dangerous condition on a previous occasion, that person is presumed to have knowledge of it and cannot recover for a subsequent injury resulting therefrom," and noting that plaintiff "did not notice [the hazard] previously because she was paying no attention to it"); *Piedmont Hosp. v. Hall*, 198 Ga. App. 138, 140 (1) (401 SE2d 51) (1990) (distraction doctrine did not preclude summary judgment in light of plaintiff's prior experience in the room where she fell), comparing *Shackelford v. DeKalb Farmer's Market*, 180 Ga. App. 348, 350 (2) (349 SE2d 241) (1986) (holding that summary judgment was improper because there was no evidence that the plaintiff had negotiated the alleged dangerous condition before she was injured). Compare *Pinder v. H & H Food Svcs., LLC*, 326 Ga. App. 493, 503, n. 9 (756 SE2d 721) (2014) (physical precedent only) (question of fact remained because even if the plaintiff had traversed the hazard, an "optical illusion . . . made it appear that the place she stepped was flush with the sidewalk").