**THIRD DIVISION**
**DOYLE, P. J.,**
**MARKLE and PADGETT, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**September 16, 2025**

# In the Court of Appeals of Georgia

A25A1363. MILLER v. DOLGENCORP, LLC.

DOYLE, Presiding Judge.

In this trip and fall case, plaintiff Terry Miller appeals from the grant of summary judgment to Dolgencorp, LLC ("Dollar General"). Miller contends that the trial court erred by ruling as a matter of law that Dollar General lacked superior knowledge of the hazard on which he tripped. For the reasons that follow, we affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[1]

---

[1] (Citation omitted.) *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

So viewed, the record shows that Miller went to a Dollar General store to shop for sugar and other sundries; he had visited that store three times before. On the day in question, multiple cardboard boxes and plastic "totes" containing merchandise were on the floor throughout various locations in the aisles of the store. The totes had folding lids and were approximately 30 inches long, by 18 inches wide, by 14 inches tall. Miller described the floor as "crowded" throughout the store. After browsing the store for approximately 15 to 20 minutes, he entered an aisle where yard decorations were sold. Along that aisle were several boxes on the floor, including a three-foot-tall cardboard display box next to a blue plastic tote, both containing artificial flowers.

After Miller looked at a few items on a shelf, he turned to his right to leave the aisle. As he took a step past the cardboard display box, his pants leg caught on the open lid of the tote containing artificial flowers, causing him to fall. As he fell, he reached for the shelves to brace himself but instead grabbed a four-foot-tall ladder that was standing by the shelves at that location. The ladder and Miller fell to the floor, and Miller injured his shoulder and sustained abrasions.

Miller brought this action[2] against Dollar General and other John Doe defendants, alleging negligence in keeping the premises safe. Dollar General answered and, after deposing Miller, moved for summary judgment. Following a hearing, the trial court granted the motion in favor of Dollar General.[3] The trial court ruled that the record failed to show a genuine issue of material fact as to whether Dollar General had superior knowledge of the tote on which Miller tripped. Miller now appeals.

Miller contends that the trial court erred because fact questions remain as to whether Dollar General had superior knowledge of the tote. We disagree.

Under OCGA § 51-3-1, a person who owns or occupies land and by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe. In order to recover on a premises liability claim, a plaintiff must show (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to

---

[2] This is a renewed action.

[3] The trial court initially granted the motion without a hearing, but this Court remanded for a hearing as required by Uniform Superior Court Rule 6.3. See *Miller v. Dolgencorp, LLC*, 371 Ga. App. 444, 445 (900 SE2d 745) (2024). Following a hearing, the trial court adopted its earlier order, noting the photographic evidence adduced at the hearing.

actions or conditions within the control of the owner/occupier. Accordingly, the fundamental basis for an owner or occupier's liability is that party's superior knowledge of the hazard encountered by the plaintiff. In other words, a plaintiff is not entitled to recovery if the undisputed evidence demonstrates that the plaintiff's knowledge of the hazard was equal to or greater than that of the defendant.[4]

"What constitutes a reasonable lookout [by the plaintiff] depends on all the circumstances at the time and place."[5] And

as a general proposition issues of negligence, contributory negligence and lack of ordinary care for one's own safety are not susceptible of summary adjudication but should be resolved by trial in the ordinary manner. The trial court can conclude as a matter of law that the facts do or do not show negligence on the part of the defendant or the plaintiff only where the evidence is plain, palpable and undisputable.[6]

Here, the hazard was a blue tote on the floor containing merchandise, similar to many other boxes and totes present on the floor at the time that Miller visited the Dollar General store. As noted above, Miller explained that when he fell, he had been

---

[4] (Citations and punctuation omitted.) *D'Elia v. Phillips Edison & Co.*, 354 Ga. App. 696, 698 (839 SE2d 721) (2020).

[5] *Robinson v. Kroger Co.*, 268 Ga. 735, 742 (1) (493 SE2d 403) (1997).

[6] (Citations and punctuation omitted.) Id. at 739 (1).

in the store for 15 or 20 minutes, and during this time, the store was "crowded" with boxes and totes on the floor. After he fell, Miller took photographs of the store depicting at least two aisles with multiple totes sitting on the floor identical to the one that he tripped on.

These facts, which are not disputed, are similar to those presented in *Murphy v. Janilink Corp.*,[7] where a plaintiff visited a janitorial supply store and tripped on a box in an aisle after navigating the store for 25 to 30 minutes.[8] In that scenario, we held that the plaintiff could not show that the store, which was full of boxes of merchandise situated on the floor, had superior knowledge of the box on which she tripped.[9]

Similarly, Miller browsed the Dollar General store for enough time to appreciate the fact that, in his words, the floor was "crowded" with boxes and totes at the time of his visit. Under these conditions, his allegation that he did not see the tote before he tripped on it does not raise a genuine issue of material fact as to Dollar General's superior knowledge, nor does the fact that the 14-inch-tall tote was "in line

---

[7] 374 Ga. App. 573 (913 SE2d 420) (2025).

[8] See id. at 579 (3).

[9] See id., citing *Rentz v. Prince of Albany, Inc.*, 340 Ga. App. 388, 390-391 (2) (797 SE2d 254) (2017).

with" or "behind" a three-foot-tall box. The tote was identical to several others throughout the aisles of the store which were in clusters along with other boxes of merchandise, Miller testified that nothing obstructed his view , and there was no evidence that it was suddenly placed in front of Miller as he walked. Given Miller's observations about the store that day, the record plainly and palpably demonstrates that the tote on which he tripped was in a place it could be expected to be, and even if Miller "had no actual knowledge of the [tote] before being injured, [he] should have known of the [tote's] presence" through an exercise of reasonable care.[10]

> Falling and injuring one's self proves nothing[, on its own]. Such happenings are commonplace wherever humans go. Therefore, if an invitee knows [or should have known] of the condition or hazard that caused the injury, there is no duty on the part of the proprietor to warn

---

[10] *Robinson*, 268 Ga. at 743 (1). This holding is not based, as a matter of law, on the sole fact that Miller did not see the tote. Cf. id. (disapproving "of the appellate decisions which hold as a matter of law that an invitee's failure to see before falling the hazard which caused the invitee to fall constitutes a failure to exercise ordinary care"). Rather, it is based on the additional facts that Miller was aware of the condition of the store, he spent time browsing the "crowded" aisles before he fell, and the tote on which he tripped was like dozens of others he saw throughout the store. Based on this, it cannot be said that Miller was unaware of the risk of tripping on the tote when he did. See generally *Ponder v. Brooks*, 256 Ga. App. 596, 598 (569 SE2d 267) (2002) ("If an invitee knows of the condition or hazard, he has as much knowledge as the proprietor does[,] and then by voluntarily acting in view of his knowledge, he assumes the risks and dangers incident to the known condition.") (punctuation omitted).

the invitee and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does and then by voluntarily acting in view of this knowledge, assumes the risks and dangers incident to the known condition.[11]

Based on the undisputed record before us, the trial court correctly held that Miller has not raised a triable issue as to whether Dollar General had superior knowledge of the tote on which he tripped. Accordingly, we affirm.

*Judgment affirmed. Markle and Padgett, JJ., concur.*

---

[11] (Punctuation omitted.) *Norman v. Jones Lang LaSalle Americas, Inc.*, 277 Ga. App. 621, 624 (627 SE2d 382) (2006).