## A03A1181. DUVALL v. GREEN.
(586 SE2d 369)

ANDREWS, Presiding Judge.

We granted William Duvall's application for interlocutory review of the trial court's order denying his motion for summary judgment. Joan Green sued Duvall after she injured herself while providing home care for Duvall's wife. Because Green presented no evidence that Duvall was negligent, we reverse.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). To obtain summary judgment, a defendant need not produce any evidence, but must only point to an absence of evidence supporting at least one essential element of the plaintiff's claim. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Our review of a grant of summary judgment is de novo, and we view the evidence and all reasonable inferences drawn from it in the light most favorable to the nonmovant. *Supchak v. Pruitt*, 232 Ga. App. 680, 682 (503 SE2d 581) (1998).

The record shows that Green worked in Duvall's home, caring for his invalid wife. She injured herself when her knee buckled as she was walking down the stairs. She submitted an affidavit in response to Duvall's motion for summary judgment which stated that Duvall did not help her with lifting Mrs. Duvall in and out of bed and also that Duvall had knowledge of the "potentially harmful" condition of the steps.

In her deposition, taken several months later, she said she was carrying laundry down the stairs when her knee buckled and she had to catch the handrail to keep from falling. She does not know why her knee buckled. She was asked whether she sustained any injury while getting Mrs. Duvall in and out of bed and she said, "No, I do not think so." The next question was: "In other words, there wasn't some other episode or injury that you complain of?" Green answered, "No, sir." Green was asked whether she fell as a result of some foreign substance on the landing or stair and she replied, "Not that I know of." She stated that Duvall was not home on the day she hurt her knee. Green also said that she had gone up and down the basement stairs at least six or eight times before she was injured.

The only other evidence in the record is Duvall's affidavit stating that the steps were designed, constructed, and maintained in a safe and reasonable manner; the angle, dimension, and construction of the tread and risers were designed, constructed, and maintained in a uniform manner consistent with applicable building codes; the steps have a continuous handrail the full length of the steps; there was no foreign substance or objects on the steps at any time when Green was injured; Duvall never received any notice or complaint that anything

was wrong with the steps; many people have traveled up and down the steps over the years and have done so without any complaint, incident, slip, trip, fall, or injury; and Green herself had gone up and down the steps on several prior occasions without problem or complaint.

Accordingly, there is no way to determine what Green was claiming was wrong with the steps or why she was stating that Duvall should have helped her lift Mrs. Duvall, especially in light of another paragraph in her affidavit where she states that it was her responsibility to lift Mrs. Duvall in and out of bed and in and out of her wheelchair.[1] It is undisputed that Green did not sustain any injury while she was assisting Mrs. Duvall to get in or out of bed or doing any other particular activity. Therefore, the only issue before us is the injury on the stairs.

"In order to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." *Straughter v. J. H. Harvey Co.*, 232 Ga. App. 29 (500 SE2d 353) (1998).

The only evidence of a hazard is a sentence in the complaint which states that the stairs were "too steep for regular travel by plaintiff." Beyond this one allegation, there is no evidence about the stairs in the record and Green never again alludes to this claim. She stated positively in her deposition that she does not know why her knee buckled. She also stated that she had gone up and down the stairs several times before and could not identify anything Duvall did wrong that would have caused her to fall. She failed to rebut in any way Duvall's affidavit testimony that the stairs were properly constructed and maintained.

Proof of nothing more than the occurrence of the fall is insufficient to establish the homeowner's negligence. See *Weldon v. Del Taco Corp.*, 194 Ga. App. 174 (390 SE2d 87) (1990). There must be proof of fault on the part of the homeowner and ignorance of the danger on the part of the invitee. *Harpe v. Shoney's, Inc.*, 203 Ga. App. 592, 593 (1) (417 SE2d 184) (1992). Also, because Green had used these stairs several times before, she cannot show that Duvall had superior knowledge of the alleged dangerous condition. When a person has successfully negotiated an alleged dangerous condition on a previous occasion (here, at least six or eight times), that person is presumed to have knowledge of it and cannot recover for a subsequent injury

---

[1] Green did not file a brief on appeal.

resulting therefrom. Id.; accord *Pierce v. Wendy's Intl.*, 233 Ga. App. 227, 230 (2) (504 SE2d 14) (1998).

Therefore, there is no evidence that any act or omission on the part of Duvall caused Green's knee to buckle; thus, there is no evidence of negligence in this case. Because the record is devoid of any justiciable issue, it was the duty of the trial court to grant summary judgment to Duvall. *Strickland v. Douglas County*, 246 Ga. 640, 643 (272 SE2d 340) (1980). It was error not to do so.

*Judgment reversed. Barnes and Adams, JJ., concur.*

DECIDED AUGUST 8, 2003.

*Smith, Shaw & Maddox, Julius W. Peek, Jr.*, for appellant.
*H. Harold Chambers, Jr.*, for appellee.