A04A2258. BONNER v. SOUTHERN RESTAURANT GROUP, INC. et al.
(610 SE2d 129)

MIKELL, Judge.

In this slip and fall case, Patricia Bonner appeals from the trial court's grant of summary judgment to Southern Restaurant Group, Inc., owner of TGI Friday's ("Friday's"), contending that genuine issues of material fact remain on her claim. For the reasons set forth below, we affirm.

> Summary judgment is proper where the movant shows no genuine issue of material fact exists and entitlement to summary judgment as a matter of law. A defendant carries this burden by demonstrating the absence of evidence as to one essential element of plaintiff's case. Should the defendant do so, the plaintiff cannot rest on her pleadings, but rather must point to specific evidence giving rise to a triable issue.[1]

We apply a de novo standard of review "to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant."[2] So viewed, the evidence shows that Bonner and her husband, Jimmy, left New Orleans early on September 7, 1999, planning to drive to North Carolina to vacation with their son and his family. They decided to stop in Augusta to spend the night. After

---

[1] (Punctuation and footnote omitted.) *Gray v. Oliver*, 242 Ga. App. 533-534 (530 SE2d 241) (2000).

[2] (Citation omitted.) *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

checking into a hotel, the Bonners shared a drink of vodka on the rocks, then drove to a nearby Friday's to have dinner.

Although neither Mr. nor Mrs. Bonner was disabled, they parked in a handicapped parking space because the car they were driving, which belonged to Bonner's father, was equipped with a handicapped license plate. The space in which they parked was directly adjacent to the sidewalk in front of the restaurant and next to a curb on the passenger side. Upon exiting the car's passenger door, Bonner stepped up onto the curb, walked across a small, grassy, landscaped island, and entered the restaurant. Bonner deposed that it was dusk, between 8:00 and 8:30 p.m., and that she could not recall whether any lights were on in the parking lot. However, she and her husband had no difficulty negotiating the path they took into the restaurant.

Bonner drank a glass of wine with dinner, and she and her husband left Friday's at approximately 10:10 p.m. As Bonner walked back to her car, she stepped off the curb, fell, and broke her left ankle. Bonner deposed that she was unable to recall how she misstepped or whether the lighting in the parking lot was adequate. She testified only that she was unaware of the differentiation between the curb and the curb apron, as she had taken a slightly different route to walk around her car. She did not walk across the landscaped island but instead stepped off the curb next to the handicapped ramp.

Contending that no genuine issue of fact remained for trial, Friday's moved for summary judgment. In support of its motion, Friday's tendered the affidavit of the restaurant's general manager, Scott Stencel, who averred that he had been employed at Friday's since it opened in 1992; that no one other than Bonner had ever complained of inadequate lighting, inability to differentiate the curb from the curb apron, or difficulty perceiving the curb; that no one else had given notice of a fall occurring due to those reasons; that the exterior lights were illuminated by an automatic timer, which he controlled; that the lights were programmed to, and did, turn on at 7:00 p.m. on the date of the incident and remained on until the restaurant closed; that the premises were inspected twice daily and the inspection results were noted on corporate communication logs; and that no lighting failures were noted on the logs for that day. In addition, Friday's cited the deposition testimony of Mark Anthony Munoz, who has held a management position with Friday's since 1992. Munoz deposed that the interior and the exterior of the premises are inspected twice daily, at 9:00 a.m. and 6:00 p.m., and that based on his maintenance log, the overhead lamp that illuminated the handicapped parking spaces was working on the date of the fall.

In opposition to Friday's motion, Bonner tendered the affidavit of

Marion Hawk,[3] who stated that he was familiar with Friday's parking lot and with the space in which the Bonners parked. He averred that the curb from which Bonner stepped down was dark due to inadequate lighting.

Based on the evidence, the trial court concluded that Bonner had failed to produce evidence of a defective condition on Friday's premises. The court noted that at oral argument, a transcript of which was not included in the record on appeal, Bonner contended that the lighting in the parking lot was inadequate to allow her to observe the difference in height between the curb and the curb apron as she returned to her car. However, in her deposition, Bonner admitted that she was unaware of the lighting conditions in the parking lot. The court determined that Hawk's affidavit had no probative value as to the lighting conditions because Hawk did not purport to have any expertise in the area of parking lot design or illumination and because he did not state when he observed the lighting in the parking lot. Accordingly, the court granted summary judgment to Friday's. This appeal followed.

"Owners or occupiers of land are liable to their business customers for injuries caused by the owners' failure to exercise ordinary care in keeping the premises and approaches safe. OCGA § 51-3-1. However, they are not insurers of their safety."[4] In order to recover, the invitee must prove that (1) the defendant had actual or constructive knowledge of the hazard, and (2) the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the defendant's control.[5] The basis for the owner's liability is the owner's "superior knowledge . . . of the existence of a condition that could subject the invitee to an unreasonable risk of injury."[6]

In the case sub judice, Bonner contends a jury issue remains on Friday's constructive knowledge of the allegedly inadequate lighting. Notwithstanding the testimony of Friday's managers, Bonner argues that Friday's failed to produce evidence that it had a reasonable inspection program in place to determine the safety of the lighting in the parking lot because the latest daily inspection occurred before dark. Bonner's argument fails. As noted above, Bonner deposed that she could not recall the lighting conditions in the parking lot, whereas

---

[3] Friday's asserts in its brief that Marion Hawk is the father of Bonner's counsel, Victor Hawk.

[4] *Delk v. QuikTrip Corp.*, 258 Ga. App. 140, 141 (572 SE2d 676) (2002).

[5] *Lake v. Atlanta Landmarks*, 257 Ga. App. 195, 196 (570 SE2d 638) (2002), citing *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (493 SE2d 403) (1997).

[6] (Punctuation omitted.) *Delk*, supra, citing *Globe Oil Co. v. DeLong*, 182 Ga. App. 395, 396 (1) (356 SE2d 47) (1987).

Friday's managers testified that the lights were working on the night in question, as indicated in daily maintenance logs. In addition, there is no evidence that Friday's was aware of any prior fall in its parking lot. Moreover, Hawk's affidavit generally averring that the lighting was inadequate on some unspecified date has no probative value against Friday's evidence that the lights functioned properly on the night in question. "In passing upon a motion for summary judgment, a finding of fact which may be inferred but is not demanded by circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists."[7] Therefore, Bonner has not shown that the restaurant had constructive knowledge of any allegedly inadequate lighting.[8]

Finally, the curb from which Bonner fell is a static defect. "[W]hen the alleged dangerous condition is a static defect, a person is presumed to have knowledge of it when that person has successfully negotiated the alleged dangerous condition on a previous occasion and, therefore, cannot recover for a subsequent injury."[9] To the extent Bonner asserts that the curb was "defective" because it was the same color as the curb apron, she has not produced evidence sufficient to create a jury issue. Because the curb was a static condition and Bonner successfully negotiated it prior to entering the restaurant, she cannot recover for her subsequent injury.[10] Moreover, even if the curb were hazardous, as Bonner asserts, "the condition was open and obvious, and thus, in the exercise of ordinary care, [she] could have avoided it. There is no duty to warn of the obvious."[11]

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED FEBRUARY 3, 2005.

*Victor Hawk*, for appellant.

---

[7] (Citation and punctuation omitted.) *Haley v. Regions Bank*, 277 Ga. 85, 89 (1) (586 SE2d 633) (2003).

[8] See *Ballew v. Summerfield Hotel Corp.*, 255 Ga. App. 494, 496 (2) (b) (565 SE2d 844) (2002) (routine inspections performed on daily basis revealed no defects).

[9] *Delk*, supra, citing *Christensen v. Overseas Partners Capital*, 249 Ga. App. 827, 829 (2) (549 SE2d 784) (2001).

[10] *Delk*, supra.

[11] (Punctuation and footnote omitted.) *Gray*, supra at 535 (1). But see *Hagadorn v. Prudential Ins. Co.*, 267 Ga. App. 143, 146 (598 SE2d 865) (2004) (defendants on constructive notice of dramatic slope in drainage culvert obscured by fallen leaves); *Christensen*, supra (evidence that plaintiff tripped on handicapped ramp, bottom of which had sunk below level of parking deck, precluded summary judgment).

*Fulcher Hagler, Robert T. Homlar, John A. Davison,* for appellees.