## A04A1716. HAMBLIN v. CITY OF ALBANY et al.
(612 SE2d 69)

PHIPPS, Judge.

Emma Hamblin injured her hand on a handrail that bordered a swinging bridge at the Parks at Cheehaw, an outdoor park operated by the Cheehaw Park Authority in the City of Albany. Hamblin sued the Parks, the Park Authority, and the City. The trial court granted the defendants summary judgment, and Hamblin appeals. For reasons that follow, we affirm.

Summary judgment is appropriate when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law.[1] We review a trial court's grant of summary judgment de novo, construing the evidence and all reasonable inferences in the light most favorable to the nonmoving party.[2]

Viewed in this light, the evidence shows that in April 2001, Hamblin was a patron of the Parks. The Parks comprises 800 acres and includes woodlands and a zoo area. Throughout the Parks, handrails constructed of pine timbers align walkways, pathways, and bridges.

Hamblin admitted that it was fairly obvious that the handrails bordering the swinging bridge were weathered. She recalled that as she was walking across the bridge, a couple of people ran across it, causing the bridge to "shak[e]." She testified, "I remember reaching out and grabbing the railing. And then I went to turn around and that's when my hand slid [down the handrail]." She then realized that a splinter had lodged in her hand.

In her complaint, Hamblin alleged that the defendants had negligently failed to coat the handrail with "urethane or any other protective substance so as to serve to protect the visitors who would be using the hand rails. Due to such, [she] was unnecessarily exposed to the risk of suffering serious injury." She claimed that the splinter in her hand caused severe pain, required surgical removal, and resulted in permanent nerve damage.

The defendants moved for summary judgment. Among other things, they argued that they had adequately maintained the handrail and that they had no knowledge that splintering had rendered the handrail hazardous. They presented the affidavits of the Parks' Executive Director and the Parks' Maintenance and Grounds Manager. The director averred that the handrails were made of treated pine timbers; that the handrails are checked each week "to make sure they are intact, operational, and not dangerous"; that once each year, all

---

[1] OCGA § 9-11-56 (c).

[2] *Pennington v. WJL, LLC*, 263 Ga. App. 758 (589 SE2d 259) (2003).

handrails are pressure washed; and that once every other year, "Thompson's water sealer is . . . painted on all of the railings." The director further testified that since the opening of the Parks in 1977, millions had visited; yet it had received no complaint about the handrails and no reports of injuries from splinters from the handrails. The grounds manager attested to the inspection and maintenance of the handrails, adding that "pressure washing, along with applying Thompson's Water Sealer, helps maintain the integrity of the railings and keeps them in the best condition possible."

In response to the defendants' motion, Hamblin presented the affidavit of an owner of a "cabinet making business as well as a general woodworking business," who had "been working with wood for over thirty years." He testified that the type of handrails (railings) installed at the park,

> when touched frequently and over the years normally harden and smooth, a process called burnishing, and provide some type of surface that would almost be impenetrable. However, these railings, and particularly the railings on the swinging bridge, as evidenced by the photographs, have not been allowed to burnish and the constant annual pressure washing of those railings have prevented those railings from burnishing over and have continued to leave the railings with a rough and splinter surface. . . . Further, the use of a Thompson's water sealer in itself, is not a surface protectant in the sense that it does not provide a coating that serves to insulate the surface of the wood. It does not provide a coating of such a product as a urethane coating would provide. However, the Thompson's water sealer is designed to seep into the wood itself and to protect, internally, the wood from rotting.

The trial court granted the defendants' motion, determining, among other things, that this affidavit was insufficient to create any genuine issue of material fact regarding whether the defendants had breached their duty of care.

The owner or occupier of land has a duty to invitees to exercise ordinary care in keeping the premises safe.[3] This duty of ordinary care requires the owner or occupier to protect the invitee from unreasonable risks of harm of which the owner has superior knowl-

---

[3] OCGA § 51-3-1; *Barksdale v. Nuwar*, 203 Ga. App. 184, 185 (416 SE2d 546) (1992).

edge.[4] To establish superior knowledge, Hamblin must prove that (1) the defendants had actual or constructive knowledge of the hazard; and (2) she lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner or occupier.[5]

It is undisputed that the defendants had no actual knowledge that the handrail at issue contained a dangerous splinter. "[U]nder Georgia law, one who creates a dangerous condition on his property has constructive knowledge of the danger."[6] Hamblin sought to show that the defendants had created a dangerous condition by failing to prevent the wooden handrail from splintering, which she claims they could have prevented either by applying a urethane coating or by not pressure washing it.

An owner or occupier is not "an insurer of an invitee's safety."[7] The law requires only "such diligence toward making the premises safe as the ordinarily prudent person in such matters is accustomed to use."[8] Although Hamblin presented testimony about the effects of pressure washing and applying a urethane coating upon wood, Hamblin provided no evidence showing that an ordinarily prudent owner or operator of an outdoor establishment would have applied such a coating to wooden handrails installed outside and would not have pressure washed them. Thus, she has failed to show that the defendants' maintenance of the wooden handrail at the outdoor park created a dangerous condition.

> "[A] defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions, and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the non-moving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue." [Cit.][9]

Because Hamblin failed to present sufficient evidence showing that

---

[4] *Pylant v. Samuels, Inc.*, 262 Ga. App. 358, 359 (1) (585 SE2d 696) (2003); *Barksdale,* supra.

[5] See *Duvall v. Green*, 262 Ga. App. 669, 670 (586 SE2d 369) (2003).

[6] *Gilbert v. Automotive Purchasing Svc.*, 254 Ga. App. 770, 771 (563 SE2d 906) (2002).

[7] (Citations and punctuation omitted.) *Barksdale,* supra.

[8] (Citation omitted.) Id.

[9] Id., quoting *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

the defendants had superior knowledge of a hazardous condition, there is no factual issue requiring jury determination,[10] and the trial court did not err in awarding summary judgment to the defendants.
*Judgment affirmed. Johnson, P. J., and Smith, P. J., concur.*

DECIDED MARCH 17, 2005.

*Joseph D. Weathers*, for appellant.
*Wade C. Hoyt IV*, for appellees.

---

[10] See *Gilbert*, supra; *Barksdale*, supra at 185-186.