## A06A2373. NEMETH v. RREEF AMERICA, LLC et al.
### (643 SE2d 283)

RUFFIN, Judge.
Richard Nemeth appeals the trial court's grant of summary judgment to RREEF America, LLC, RREEF America REIT Corporation G, and RREEF Management Company (collectively, "RREEF") on his claim for premises liability, nuisance, attorney fees, and punitive damages. Because we agree with the trial court that RREEF is entitled to judgment as a matter of law, we affirm.

---

We review a grant of summary judgment de novo and view the evidence in a light most favorable to the nonmoving party.[1] Summary judgment should be granted when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.[2] If there is no evidence to support at least one essential element of the plaintiff's case, the defendant is entitled to summary judgment.[3]

Viewed favorably to Nemeth, the evidence shows that on January 9, 2002, he fell when he went outside his office building in the afternoon to take a smoking break on a patio. It was his practice to go to the patio "a couple of times a week" to smoke. Nemeth walked across the patio to speak to someone and, after speaking, turned, walked away, and fell. He estimates that the patio is 300 to 500 square feet; while he normally smoked on a different side of the patio, he admitted that he had been to the area where he fell a few times before that day.

The patio is composed of brick pavers. When asked how the fall occurred, Nemeth responded, "I guess the brick settled. It was loose. It went up. I got twisted, and I fell down." He speculates that "[o]ne of my heels got caught in the mortar or the bricks that were loose"; however, he does not know for certain whether a loose brick or an uneven surface caused him to fall. At the time of his fall, it was sunny and there was nothing that prevented Nemeth from seeing where he was walking. After he fell, he noticed that the surface of the patio was uneven. He estimates that some of the bricks were an inch to an inch and a half lower or higher than the patio surface.

RREEF owned and managed the office building where Nemeth fell. The property manager had noticed that the brick pavers on the patio were uneven, and she was told that this was caused by tree roots. She took no action to make the patio surface even. Nemeth's expert witness testified that the patio surface was "very unstable, uneven, loose, and not flush or planar." Photographs of the patio allegedly depict what Nemeth's expert describes as "deplorable, hazardous, and unsafe conditions of the brick walking surface."

After a hearing, the trial court granted summary judgment to RREEF. On appeal, Nemeth argues that the trial court erred in "concluding that the uneven and unstable brick paver walkway was an open and obvious static condition" and "in substituting its own personal experience and knowledge of the characteristics and makeup of brick paver patios for that of a jury."

---

[1] See *Whitley v. H & S Homes*, 279 Ga. App. 877 (632 SE2d 728) (2006).
[2] See id.
[3] See id.

1. Nemeth contends that summary judgment was improper because RREEF's knowledge of the patio's condition was superior to his. A property owner must exercise ordinary care in keeping its property safe for invitees.[4] A property owner is not liable, however, for every fall that occurs on its property.[5] In order to recover for a fall, an invitee must show both that the property owner had actual or constructive knowledge of the hazard which caused the fall and that he "lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the [property owner]."[6] The owner's liability is based on "superior knowledge of the existence of a condition that could subject the invitee to an unreasonable risk of injury."[7]

Nemeth contends that "it was either the uneven condition of the brick pavers or the fact the bricks were loose that caused him to fall." Assuming, for purposes of this motion, that the patio was uneven and had loose bricks, and that RREEF knew about the patio's condition, we then consider whether a genuine issue of material fact exists as to Nemeth's knowledge of the patio's condition. If an alleged dangerous condition is a static defect, "a person is presumed to have knowledge of it when that person has successfully negotiated the alleged dangerous condition on a previous occasion."[8]

We have held that "[b]roken, missing, or uneven pavement is a static condition."[9] Here, the uncontroverted evidence is that the surface of the patio where Nemeth fell was visibly uneven, with bricks as much as an inch or an inch and a half askew. Nemeth had been to that area of the patio a few times, and had already walked across it once that day before he fell.[10] It was a sunny day, and nothing obstructed his view of the patio.[11]

---

[4] See OCGA § 51-3-1.

[5] See *Duvall v. Green*, 262 Ga. App. 669, 670 (586 SE2d 369) (2003).

[6] (Punctuation omitted.) *Gantt v. Dave & Buster's of Ga.*, 271 Ga. App. 457 (610 SE2d 116) (2005).

[7] (Punctuation omitted.) *Bonner v. Southern Restaurant Group*, 271 Ga. App. 497, 499 (610 SE2d 129) (2005).

[8] (Punctuation omitted.) Id. at 500; see also *Trans-Vaughn Dev. Corp. v. Cummings*, 273 Ga. App. 505, 508 (615 SE2d 579) (2005).

[9] *Papera v. TOC Retail*, 218 Ga. App. 777, 778 (3) (463 SE2d 61) (1995); see also *Tanner v. Larango*, 232 Ga. App. 599, 600 (2) (502 SE2d 516) (1998) (gap in sidewalk); *Piggly Wiggly Southern v. Bennett*, 217 Ga. App. 496, 497 (458 SE2d 138) (1995) ("lip" on grocery cart ramp).

[10] See *Ballew v. Summerfield Hotel Corp.*, 255 Ga. App. 494, 496 (4) (565 SE2d 844) (2002) (law presumes knowledge of alleged static defect when plaintiff has already traversed area at least once before fall).

[11] See *Huntley Jiffy Stores v. Grigsby*, 208 Ga. App. 634, 635 (431 SE2d 435) (1993); compare *Thomas v. Executive Committee of the Baptist Convention &c.*, 262 Ga. App. 315, 319 (c) (585 SE2d 217) (2003) (jury question existed about plaintiff's ability to see static condition when area was dark, hazard was in shadow, and plaintiff had never before traversed area).

Accordingly, we conclude that the uneven and unstable surface of the patio was a static defect of which Nemeth was presumed to have knowledge, given that he had already successfully traversed the area.[12] Under these circumstances, RREEF cannot be said to have superior knowledge of the patio's condition, and we therefore affirm the trial court's grant of summary judgment to RREEF.[13]

2. Nemeth contends that the trial court erred in "substitut[ing] its personal knowledge and experience for that of the jury" in granting summary judgment. He objects to the following statement by the trial court at the hearing on the motion for summary judgment:

> . . . [I am] going to grant the defendant's motion [for summary judgment]. . . . I believe it is an open[,] obvious[,] static condition that a man's working on the property for three years, he's visited that area on a number of occasions in the past, and it is uncertain as to exactly how he did fall.
>
> But [I have] seen your photographs [by] the experts. It looks like the typical paver-laid patio. [I have] never walked on one that wasn't uneven, and this gentleman worked on that property for three years.

Nemeth claims this comment demonstrates that the trial court interpreted the evidence using its own experience rather than viewing it in a light most favorable to Nemeth. However, the evidence to which the trial court refers is not disputed: the condition of the patio as shown in the photographs taken by Nemeth's expert; that Nemeth did not know for certain what caused his fall; and that Nemeth had worked at the location for three years. While Nemeth may disagree with the trial court's application of the law to these facts, we have conducted a de novo review in this appeal and have also concluded that summary judgment is appropriate. Accordingly, we fail to see that the trial court's statement reflects any action which harmed Nemeth.[14]

3. While Nemeth enumerated only two errors by the trial court, his appellate brief contains three sections of argument, one of which is entitled "Issues Not Decided by the Trial Court." As we do not

---

[12] See *Delk v. QuikTrip Corp.*, 258 Ga. App. 140, 141 (572 SE2d 676) (2002). Our conclusion is not affected by Nemeth's allegation that the patio's condition violated the building code and safety standards. See *Trans-Vaughn*, supra at 509.

[13] See *Argo v. Chitwood*, 282 Ga. App. 156, 158 (637 SE2d 865) (2006).

[14] See *McClain v. George*, 267 Ga. App. 851, 854 (2) (600 SE2d 837) (2004) (" 'Failure to show harm vitiates any possible error.' ").

consider issues raised in an appellate brief that are not enumerated as error, we need not address this argument.[15]

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED FEBRUARY 28, 2007.

*Berger & Loewenthal, Glenn A. Loewenthal*, for appellant.
*Benny C. Priest, Alisa W. Ellenburg*, for appellees.

---

[15] See *Greene v. State*, 257 Ga. App. 837, 839 (2) (572 SE2d 382) (2002).