A07A1728. EVANS v. SPARKLES MANAGEMENT, LLC et al.
(659 SE2d 860)

BARNES, Chief Judge.

Darrin Evans sued Sparkles Management, LLC and others for injuries sustained when he fell while roller skating at a rink allegèdly owned and operated by the various defendants. The trial court granted summary judgment to the defendants after finding that they complied with all obligations imposed on roller skating center operators. Evans appeals, and for the reasons that follow, we affirm.

Summary judgment is appropriate when no genuine issues of material fact remain and the moving party is entitled to judgment as a matter of law. *Bonner v. Southern Restaurant Group*, 271 Ga. App. 497 (610 SE2d 129) (2005). We review a trial court's grant of summary judgment de novo, construing the evidence and all reasonable inferences in favor of the nonmovant. Id.

Viewed in this manner, the record shows that on January 5, 2002, Evans went skating at the Sparkles Skating Center of Kennesaw with a group of friends. Evans had skated a few times as a child, but was not a particularly good skater and knew that falling was a risk of roller skating.

At the time of his fall, Evans was attempting to exit the skating surface. According to Evans, as he approached the side of the rink, three children holding hands suddenly entered the skating surface and cut in front of him. To avoid colliding with the children, Evans moved sideways, but his ankle "snapped" and he fell to the floor.

Approximately 30 minutes before his fall, Evans saw one of these same children skating across the rink, against the proper flow of traffic. Although Evans reported the behavior to the child's parents, he did not tell anyone else at the rink about it. Other than this incident and the one that precipitated his fall, he did not see any

improper behavior by the children, and the skating that day was "counterclockwise in a generally orderly fashion."

Evans sued the defendants, asserting that the skating rink failed to provide a safe skating environment for him. Noting that his claim is governed by the Georgia Roller Skating Safety Act ("RSSA" or "the Act"), OCGA § 51-1-43, he argues that the defendants violated their duties under the Act, giving rise to liability.

The RSSA requires the operator of a roller skating rink to, among other things, "[c]omply with the safety standards ordinarily accepted in the roller skating rink industry." OCGA § 51-1-43 (c) (2). The Act also places certain responsibilities on skaters, such as maintaining reasonable control while skating, and it specifically provides that "[e]ach person who participates in roller skating in a roller skating center accepts the risks that are inherent in that activity insofar as the risks are obvious and necessary." OCGA § 51-1-43 (d), (e). Rink operators and skaters may be held liable for damages caused by their violation of the RSSA. OCGA § 51-1-43 (f). Moreover, nothing in the Act can "be construed to relieve an operator from exercising ordinary diligence in his or her operational responsibility." OCGA § 51-1-43 (g).

On appeal, Evans argues that the defendants violated an industry safety standard by failing to have an identifiable floor guard in the skating rink when he fell to supervise skaters and to prevent dangerous skating conditions. The evidence does not support his claim.

Evans' deposition sheds little light on the floor guard issue. He testified that he saw a floor guard on duty while he was skating, but that the guard "kind of disappeared for a little while." He made this assertion, however, when asked why he did not report the first instance of bad behavior by a child — which occurred approximately 30 minutes before his fall — to anyone other than the child's parents. We have not found, and Evans has not pointed us to, any testimony in his deposition regarding floor guards, their presence, or their absence at the time of his injury.

Instead of focusing on his own testimony, Evans argues that depositions given by the defendants' employees several years after the incident raise questions of fact as to whether a floor guard was on duty. At her deposition, the rink manager could not remember who served as floor guard that day or whether there was a guard on duty. The president of Sparkles Management, LLC believed that the assistant manager was a floor guard. The assistant manager, who was in charge of the rink when Evans fell, testified that a floor guard was on duty, but that he could not remember which employee acted in this capacity.

According to Evans, because Sparkles personnel gave "different and conflicting stories regarding the floor guard," the evidence demonstrates that "[t]here was no floor guard on duty on the rink floor"

when he fell. We disagree. The rink manager and president were not at the skating rink on January 5, 2002. And the managing employee who was there — the assistant manager — asserted unequivocally that "there was a floor guard on the skating floor at the time of the incident." A report he prepared the day of the injury supports this assertion, indicating that the floor guard was in the middle of the skating floor when Evans fell. The assistant manager also testified that floor guards always wore identifying shirts.

"In passing upon a motion for summary judgment, a finding of fact which may be inferred but is not demanded by circumstantial evidence has no probative value against positive and uncontradicted evidence that no such fact exists." (Punctuation and footnote omitted.) *Bonner,* supra, 271 Ga. App. at 500. The assistant manager positively testified that a floor guard was on duty, and he never saw a guard on duty without an identifying shirt. Although other management personnel who were not at the rink gave slightly different testimony, their statements do not contradict the assistant manager's positive assertions or his written report. Evans gave no pertinent testimony about the floor guards, and he has not pointed to any other evidence raising a question of fact on this issue. Despite his claims, therefore, he has not demonstrated that the defendants were in violation of any duty or regulation regarding floor guards at the time he fell.[1] See id.

Furthermore, Evans testified that the children who caused his fall entered the rink suddenly and without warning, giving him little time to react. Before that sudden entry, Evans saw only one other incidence of misbehavior by one of these children, which he reported directly to the offending child's parents. He did not inform anyone else at the rink about the behavior, and the conduct of skaters was otherwise orderly.

Given these circumstances, we fail to see how a guard on the skating rink floor could have prevented Evans' injury, which resulted from the sudden and unexpected actions of several children. Even if the defendants breached a duty regarding floor guards, therefore, Evans has not shown that such breach proximately caused his injury, undermining his claim. See OCGA § 51-1-43 (f) (violation of RSSA gives rise to liability "for that portion of the loss or damage *resulting from the violation*") (emphasis supplied); *Mitchell v. Austin,* 261 Ga.

---

[1] In his enumeration of error, Evans asserts that the defendants failed to provide safe ingress and egress onto the skating rink. The argument section of his brief, however, focuses solely on floor guards, and Evans points to no evidence that the rink configuration contravened the RSSA or demonstrated a lack of ordinary diligence by the defendants. Accordingly, any claim relating to this purported violation has been abandoned. See Court of Appeals Rule 25 (c) (unsupported claim of error may be deemed abandoned).

App. 585, 587 (583 SE2d 249) (2003) (causation cannot be based on mere possibility, speculation, or conjecture); *Fallon v. Metropolitan Life Ins. Co.*, 238 Ga. App. 156, 157-158 (2) (518 SE2d 170) (1999) (summary judgment for shopping center owner appropriate where claimant failed to show that lack of security in common areas proximately caused — or would have prevented — her rape in a store).

No genuine issues of material fact remain as to the defendants' liability to Evans. Accordingly, the trial court properly granted their motion for summary judgment.

*Judgment affirmed. Smith, P. J., and Miller, J., concur.*

DECIDED MARCH 24, 2008.

*Laura E. Austin*, for appellant.
*Green, Johnson & Landers, Jerry A. Landers, Jr.*, for appellees.