### A09A1280. JAMES v. SIRMANS et al.
(683 SE2d 354)

JOHNSON, Presiding Judge.

Barbara Ann James was injured when she fell on the concrete in front of a beauty shop in Pearson. James sued Cheryl Davis, who operated the beauty shop, and Roy Sirmans, who owned the building in which the beauty shop was located. The trial court granted summary judgment to Davis and Sirmans, and James appeals. For the reasons that follow, we affirm.

Summary judgment is proper where the movant shows that no genuine issue of material fact exists and that he or she is entitled to summary judgment as a matter of law.[1] A defendant carries this burden by demonstrating the absence of evidence as to one essential element of the plaintiff's case.[2] Should the defendant do so, the plaintiff cannot rest on her pleadings, but rather must point to specific evidence giving rise to a triable issue.[3] We apply a de novo standard of review to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[4]

---

[1] *Bonner v. Southern Restaurant Group*, 271 Ga. App. 497 (610 SE2d 129) (2005).
[2] Id.
[3] Id.; see also OCGA § 9-11-56 (e).
[4] *Bonner*, supra.

So viewed, the record shows that Davis had operated the beauty shop in its current location since August 2004. James acknowledged that she had visited the shop in that location "two or three times" prior to the date of her fall and that each time she entered and exited the building through the same front door.

On June 7, 2005, James arrived at the beauty shop for an appointment at approximately 5:30 in the afternoon. She negotiated the curb between the parking lot and the beauty shop and entered the shop through the front door. James' appointment lasted for approximately one hour, and the exterior of the shop remained dry and well-lit when she exited. After taking a few steps out of the shop, James attempted to step down onto the parking lot in front of the shop. As she planted her foot to step down, however, she stepped on a "cracked piece of concrete" and fell.

In order to recover for a fall, an invitee must show both that the property owner had actual or constructive knowledge of the hazard that caused the fall and that she "lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the property owner."[5] The owner's liability is based on "superior knowledge of the existence of a condition that could subject the invitee to an unreasonable risk of injury."[6] Here, despite her acknowledgment that the crack in the sidewalk "was pretty obvious to anybody walking in the door[,]" James contends that summary judgment was improper because Davis' and Sirmans' knowledge of the concrete's condition was superior to hers.

We have previously held that an invitee

> is not entitled to an absolutely smooth or level way of travel. It is common knowledge that small cracks, holes and uneven spots often develop in pavement; and it has been held that where there is nothing to obstruct or interfere with one's ability to see such a static defect, the owner or occupier of the premises is justified in assuming that a visitor will see it and realize the risk involved.[7]

Where, as here, the invitee has successfully negotiated the alleged dangerous condition on a previous occasion or occasions, she "is presumed to have knowledge of it and cannot recover for a subsequent injury resulting therefrom."[8] To hold defendants liable for

---

[5] (Citation and punctuation omitted.) *Nemeth v. RREEF America, LLC*, 283 Ga. App. 795, 797 (1) (643 SE2d 283) (2007).

[6] (Citation and punctuation omitted.) Id.

[7] *Tanner v. Larango*, 232 Ga. App. 599, 600 (2) (502 SE2d 516) (1998).

[8] (Citation and punctuation omitted.) *Rowland v. Murphy Oil USA*, 280 Ga. App. 530, 532

injuries resulting from such a risk "would make them insurers of the safety of their invitees[,] and that is not and should not be the law in this State."[9]

Despite James' claims, this is not a case like *Bullard v. Marriott Intl.*,[10] where the plaintiff presented evidence that the fall occurred after she "left through a door she did not generally use, and she walked down a . . . path that was not familiar to her."[11] In addition to walking by the alleged defect in the concrete as she entered the beauty shop on the day of her fall, James admitted that she had used the same door to enter and exit the shop on at least two other occasions within the past few months. James also acknowledged that her fall did not result from any foreign substance on the concrete,[12] her inability to see the crack as a result of darkness or obstruction,[13] or any distraction that prevented her from noticing the crack.[14] The condition of the concrete in front of the beauty shop's front door was open and obvious, and thus, in the exercise of ordinary care, James could have avoided it. As a result, the trial court properly granted summary judgment to Davis and Sirmans.[15]

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

## DECIDED JULY 17, 2009.

*William V. Evans*, for appellant.
*Young, Thagard, Hoffman, Smith & Lawrence, John H. Smith, Jr., William A. Turner, Jr.*, for appellees.

---

(634 SE2d 477) (2006).

[9] (Citation and punctuation omitted.) *Tanner*, supra.

[10] 293 Ga. App. 679 (667 SE2d 909) (2008).

[11] Id. at 680; compare also *Jackson v. Waffle House*, 245 Ga. App. 371, 374 (2) (537 SE2d 188) (2000) (evidence presented that invitee had never traversed the area of the parking lot in which she fell).

[12] Compare *Flournoy v. Hosp. Auth. &c.*, 232 Ga. App. 791, 792-793 (504 SE2d 198) (1998) (fall resulted from a combination of the slope of the ramp, the fact that the nonskid coating had worn down, and the fact that the ramp was wet).

[13] Compare *Freyer v. Silver*, 234 Ga. App. 243, 244 (507 SE2d 7) (1998) (invitee "couldn't see" slant in pavement because it was obscured by a shadow).

[14] Compare *Christensen v. Overseas Partners Capital*, 249 Ga. App. 827, 830 (2) (549 SE2d 784) (2001) (evidence presented that plaintiff was distracted by pedestrian traffic that prevented her from noticing height gap in parking deck).

[15] See *Bonner*, supra at 500.