**FOURTH DIVISION**
**DOYLE, P. J.,**
**COOMER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 26, 2020**

# In the Court of Appeals of Georgia

A19A2281. D'ELIA v. PHILLIPS EDISON & COMPANY, LTD. et al.

MARKLE, Judge.

Marilyn D'Elia was injured at the Villages at Eagles Landing shopping center when she tripped and fell in the parking lot. She filed suit against Phillips Edison & Company, LTD, and Eagles Landing Station, LLC, both individually and d/b/a Villages at Eagles Landing shopping center (collectively "Eagles Landing"), seeking damages for the injuries she sustained.[1] The trial court granted summary judgment in Eagles Landing's favor. On appeal, D'Elia argues that the trial court erred by granting Eagles Landing's motion for summary judgment, and in finding that the defect that

---

[1] The current suit is a renewal of an action D'Elia initially filed and then voluntarily dismissed.

caused D'Elia to trip and fall was open and obvious. Because the alleged defect was a static condition that was open and obvious, we affirm.

> Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. In reviewing the grant or denial of a motion for summary judgment, we apply a de novo standard of review, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citation omitted.) *Edwards v. Moore*, 351 Ga. App. 147 (830 SE2d 494) (2019).

So viewed, the evidence shows that, on an afternoon in June 2014, D'Elia was heading to the tanning salon in Eagles Landing shopping center, which she frequented weekly. As she walked to the salon, she stopped to throw trash in a nearby trash can, caught her toe on the curb where the parking lot meets the walkway, and fell, injuring her right elbow and requiring surgery.

D'Elia indicated that the place where she fell appeared to be flat, where a wheelchair or shopping cart can roll, and that the area where her toe caught was elevated no more than about one inch or less. D'Elia did not typically walk in this direction when she visited the shopping center, and she only went in that direction on the day of the accident to throw her trash away. When the accident occurred, D'Elia

2

was looking at the trash can, and she could not tell if the area was raised at the time of her fall. A few days after her accident, D'Elia returned to the scene and took a video of the area where she noticed the "lip" of the concrete.

D'Elia sued Eagles Landing, alleging that the defendants had actual or constructive knowledge of the defective condition at the junction of the parking lot and the walkway. Eagles Landing moved for summary judgment, arguing that D'Elia had presented no evidence showing that they had actual or constructive knowledge of a hazardous condition on the premises, and that D'Elia failed to use reasonable care for her own safety when traversing an open and obvious condition.

D'Elia subsequently amended her complaint to assert that the defendants had actual or constructive knowledge of the static condition that caused her fall. In response to the summary judgment motion, D'Elia submitted an expert affidavit opining that the change in elevation in the walking surface between the parking lot and the walkway exceeded a quarter of an inch, was abrupt in nature, and violated certain safety standards. Following a hearing, the trial court granted summary judgment in favor of Eagles Landing, and this appeal followed.[2]

---

[2] The record does not contain the transcript of the summary judgment hearing. However, because the purpose of a hearing on a motion for summary judgment is to hear legal argument rather than to receive evidence, the transcript is usually not

In related arguments, D'Elia argues that the trial court erred in granting Eagles Landing's motion for summary judgment because the defect in the walkway that caused her to fall was not an open and obvious static condition, and issues of fact remain as to whether the transition between the parking lot and the sidewalk constituted a hazardous condition of which Eagles Landing had superior knowledge. We conclude that the trial court properly found that the alleged defect was open and obvious.

> Under OCGA § 51-3-1, a person who owns or occupies land and by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, . . . is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe. In order to recover on a premises liability claim, a plaintiff must show (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier. Accordingly, the fundamental basis for an owner or occupier's liability is that party's superior knowledge of the hazard encountered by the plaintiff. In other words, a plaintiff is not entitled to recovery if the undisputed evidence demonstrates that the plaintiff's knowledge of the hazard was equal to or greater than that of the defendant.

necessary on appeal from the grant of summary judgment. See *League v. Citibank (South Dakota)*, 291 Ga. App. 866, 867-868 (1) (663 SE2d 266) (2008).

(Citations and punctuation omitted.) *Cherokee Main Street v. Ragan*, 345 Ga. App. 405, 407 (813 SE2d 397) (2018).

"A static condition is one that does not change and is dangerous only if someone fails to see it and walks into it." (Citation and punctuation omitted.) *Jones Lang LaSalle Operations v. Johnson*, 350 Ga. App. 439, 440 (829 SE2d 629) (2019). An uneven walkway is a static condition. See *Nemeth v. REEF America*, 283 Ga. App. 795, 797 (1) (643 SE2d 283) (2007). When the claim involves a static condition,"[i]f nothing obstructs the invitee's ability to see the static condition, the proprietor may safely assume that the invitee will see it and will realize any associated risks." (Citation omitted.) *Rentz v. Prince of Albany*, 340 Ga. App. 388, 390 (1) (797 SE2d 254) (2017).

Moreover,

[o]ccupiers of premises whereon the public is invited to come are not required to keep their parking lots and other such areas free from irregularities and trifling defects. One coming upon such premises is not entitled to an absolutely smooth or level way of travel. The ultimate issue is whether [Eagles Landing] was negligent in maintaining a hazardous condition on the property, and in everyday life, persons are required to negotiate floors, steps, and doorways. Even if the [transition in the walkway] was hazardous as [D'Elia] assert[s], the condition was

5

> open and obvious, and thus, in the exercise of ordinary care, [she] could
> have avoided it. There is no duty to warn of the obvious.

(Citation and punctuation omitted.) *McLemore v. Genuine Parts Co.*, 313 Ga. App. 641, 644 (722 SE2d 366) (2012); see also *James v. Sirmans*, 299 Ga. App. 262, 263 (683 SE2d 354) (2009) ("an invitee is not entitled to an absolutely smooth or level way of travel. It is common knowledge that small cracks, holes and uneven spots often develop in pavement; and it has been held that where there is nothing to obstruct or interfere with one's ability to see such a static defect, the owner or occupier of the premises is justified in assuming that a visitor will see it and realize the risk involved.") (citation omitted).

As such, even if Eagles Landing had knowledge of the alleged hazardous condition of the walkway, D'Elia cannot recover if it is shown that the hazard was open and obvious. *McLemore*, 313 Ga. App. at 644. And, the relevant inquiry is whether D'Elia's view of the alleged hazard was obstructed at the time she approached it and was about to traverse the area. Id. at 644-645.

Here, D'Elia's argument that the change in elevation of the walking surface created a camouflaged hazard is unavailing. Although D'Elia stated that she was looking toward the trash can when she approached the walkway and that she did not

6

notice the transition, her deposition testimony shows that she observed the transition between the parking lot and the walkway, and that it appeared to her to be flat.[3] There is no evidence showing that there was anything obstructing her view of the area on which she hit her toe and fell. See *City of Brunswick v. Smith*, 350 Ga. App. 501, 504 (829 SE2d 781) (2019) (no liability on part of municipality where there was undisputed evidence that nothing obstructed the plaintiff's view of the pothole). To the contrary, the condition of the area in which D'Elia fell was an open and obvious static condition. "Where an obstruction is perfectly obvious and apparent, so that one looking ahead would necessarily see it, the fact that the plaintiff merely failed to look will not relieve her from the responsibility for her misadventure." (Citation and punctuation omitted.) *McLemore*, 313 Ga. App. at 644-645. Therefore, any alleged hazard the walkway presented was avoidable by D'Elia in the exercise of reasonable care. *Ragan*, 345 Ga. App. at 407.

---

[3] To the extent that D'Elia suggests that the prior traversal doctrine bears some application to her case because she had never walked in the area of her fall before, we are unpersuaded. Prior traversal of the area in which D'Elia fell is not required to find that the area was an open and obvious static condition. See *City of Brunswick v. Smith*, 350 Ga. App. 501, 504 (829 SE2d 781) (2019) (although the trial court noted that the plaintiff had never used the alleyway before, and thus found that the pothole was a static condition that the plaintiff had no prior knowledge of, this conclusion did not account for the undisputed evidence that there was nothing obstructing the plaintiff's view of the pothole).

Because we conclude that the alleged hazard was open and obvious, we need not address D'Elia's other arguments.[4] Accordingly, the trial court properly granted summary judgment in Eagles Landing's favor, and we affirm.

*Judgment affirmed. Doyle, P. J., and Coomer, J., concur*.

---

[4] We note that D'Elia's expert's opinion regarding violations of certain building codes does not create a factual issue since the condition was open and obvious. See *Delk v. Quiktrip Corp.*, 258 Ga. App. 140, 141 (572 SE2d 676) (2002) (rain and heavy vehicular traffic at gas station did not create an issue of fact where the plaintiff had actual knowledge of the obvious raised gas cap cover prior to tripping over it); see also *Nemeth*, 283 Ga. App. at 798 (1), n.12 (Court's conclusion that uneven patio surface was a static condition of which Nemeth was presumed to have knowledge was unaffected by Nemeth's allegation that the patio's condition violated building and safety codes). We further note that the record contains no ruling from the trial court on Eagles Landing's motion to strike D'Elia's expert's affidavit.

8