**THIRD DIVISION**
**DOYLE, P. J.,**
**GOBEIL, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**April 28, 2023**

# In the Court of Appeals of Georgia

A23A0607. GUTIERREZ v. SIX FLAGS OVER GEORGIA II, LLP.

GOBEIL, Judge.

Rosalinda Gutierrez appeals after the trial court granted Six Flags Over Georgia II, LLP's ("Six Flags") motion for summary judgment in Gutierrez's negligence action after she slipped and fell in Six Flags's parking lot. For the reasons set forth below, we affirm the trial court's order.

"We apply a de novo standard of review to an appeal from the grant of summary judgment, viewing the evidence and all reasonable conclusions and inferences drawn from it in favor of the opponent of summary judgment." *Wentworth v. Eckerd Corp.*, 248 Ga. App. 94, 94 (545 SE2d 647) (2001).

So viewed, the evidence shows that Gutierrez visited Six Flags on July 22, 2018, accompanied by her two daughters and grandson. As she was walking toward the park's entrance, she "fell to the ground, striking her head and other body parts on the concrete." As later documented in photographs, there was a crack in the pavement of the walkway Gutierrez was using to enter the park that created a lip on which she tripped. Because the area where the crack was located was at an elevation change/surface transition in the walkway, pre-existing yellow paint was present over the walkway where the crack had formed.

Gutierrez sued Six Flags for negligence, alleging that Six Flags's constructive and/or actual knowledge of the dangerous condition caused by the crack, along with its failure to remedy the allegedly dangerous condition, constituted a breach of the duty Six Flags owed to Gutierrez as its invitee. She alleged that as a result of the fall, she suffered "serious and permanent injuries," including a concussion, a left knee meniscus tear, and other injuries to her back and neck.

In her deposition, Gutierrez testified that as she was walking into the park, her daughters and her grandson were walking in front of her. She stated that it was not

overly crowded,[1] and she was not distracted while walking; she was looking straight ahead and wearing appropriate footwear for the occasion. She could not recall seeing the crack before falling down. Her daughters helped her up after the fall, and she went to the park's medical station.

Six Flags's corporate representative testified that the company's safety policies mandate that employees report to a supervisor any worn, loose, uneven, or broken walkway surfaces. Indeed, an audit report from the day of Gutierrez's fall showed that a Six Flags employee had inspected the property that day. Although the audit report noted "potholes" in the parking lot, the walkways were marked as "safe" by the employee.

After a hearing on Six Flags's motion for summary judgment, a transcript of which does not appear in the record, the trial court granted summary judgment to Six Flags. First, the trial court determined that the dispositive issue was "whether the crack and condition of the pavement was 'readily discernible' to someone exercising reasonable care for her own safety." Because the crack in the sidewalk was a static condition and Gutierrez was not obstructed from seeing it, the court deemed Gutierrez

---

[1] One of Gutierrez's daughters gave conflicting testimony on this issue. According to her testimony, "that day was so crowded" with a "lot of people . . . just right together" that "were just pushing . . . to get into Six Flags."

3

to have at least equal knowledge of the hazard as Six Flags, and she therefore was not entitled to recover damages for her injuries. Gutierrez appealed.

1. In related claims of error, Gutierrez challenges the trial court's finding that the condition that caused her fall was open and obvious, thus imputing knowledge of the hazard onto her and implicitly finding that it could have been avoided with the exercise of ordinary care.

In *Robinson v. Kroger Co.*, 268 Ga. 735, 748 (2) (b) (493 SE2d 403) (1997), our Supreme Court held that "in order to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier." Id. at 748 (2) (b). An "open and obvious" condition invokes the "plain view doctrine," whereby constructive knowledge is imputed if an invitee confronts "a hazard in plain view at a location where it is customarily found and can be expected to be, but which the invitee professes not to have seen prior to the fall." Id. 268 Ga. at 743 (1).

Gutierrez does not contest that the condition that caused her fall was static. Indeed, an uneven walkway is the quintessential example of a static condition. *D'Elia*

*v. Phillips Edison & Co. Ltd.,* 354 Ga. App. 696, 698 (839 SE2d 721) (2020). Gutierrez instead argues that whether the hazardous condition was open and obvious is a question that should have been left to a jury. We disagree. Gutierrez is correct that summary judgment is appropriate only where the "factual evidence is plain, palpable, and undisputed." *LeCroy v. Bragg*, 319 Ga. App. 884, 886 (1) (739 SE2d 1) (2013). However, the record in her case leaves nothing for a jury to decide.

A static condition may be deemed open and obvious "[i]f nothing obstructs the invitee's ability to see the static condition, [because] the proprietor may safely assume that the invitee will see it and will realize any associated risks." *Rentz v. Prince of Albany*, 340 Ga. App. 388, 390 (1) (797 SE2d 254) (2017) (citation and punctuation omitted). Here, the evidence showed that the condition in question was out in the open, with nothing to obstruct Gutierrez's view of it. Further, because it was located at the transition between surfaces, it was highlighted in yellow paint which could only increase its visibility. Thus, where the "static condition is apparent," or open and obvious, "such that one looking ahead would necessarily see it, an invitee's failure to look will not relieve her from the responsibility for her misadventure." *Coral Hospitality-GA, LLC v. Givens*, 363 Ga. App. 664, 665 (871 SE2d 325) (2022) (citation and punctuation omitted); see also *James v. Sirmans*, 299 Ga. App. 262, 263

5

(683 SE2d 354) (2009) (reiterating that "small cracks, holes and uneven spots" in pavement are common and, where nothing obstructs or interferes with a person's ability to see such a defect, "the owner or occupier of the premises is justified in assuming that a visitor will see it and realize the risk involved") (citation and punctuation omitted). Under these longstanding principles of Georgia law, Gutierrez's knowledge of the hazard is imputed and she cannot recover from injuries as a result of her failure to see it.[2]

2. Gutierrez also argues that the distraction doctrine may serve to negate any knowledge imputed to her by the open and obvious nature of the condition at issue. She argues that (1) her family members walking in close proximity to her, (2) a roller coaster in view from the path on which she was walking, and (3) the other park patrons all distracted her from seeing the sidewalk's condition before she fell.

The distraction doctrine "holds that one is not bound to the same degree of care in discovering or apprehending danger in moments of stress or excitement or when

---

[2] Gutierrez also claims that the trial court erred in finding that the yellow paint on the walkway served as a sufficient warning of the existence of the hazard. However, Georgia law is clear that there is no duty to warn of static conditions that are open and obvious. *Pirkle v. Robson Crossing, LLC,* 272 Ga. App. 259, 262 (612 SE2d 83) (2005). Accordingly, based on our holding in Division 1, we need not address this claim of Gutierrez.

6

the attention has been necessarily diverted." *Robinson*, 268 Ga. at 744 (2) (a) (citation and punctuation omitted). Importantly, in this context, the term "necessarily" is "synonymous with 'automatically' and 'unavoidably.'" *Weickert v. Home Depot U.S.A., Inc.*, 347 Ga. App. 889, 895 (2) (a) (821 SE2d 110) (2018) (physical precedent only). This doctrine "is not an independent theory of recovery but may operate to *excuse* or *negate* a plaintiff's failure to discover the hazard when the source of the distraction is attributable to the defendant." *Wallace v. Nissan of Union City*, 240 Ga. App. 658, 661 (2) (524 SE2d 542) (1999) (emphasis supplied).

Here, whether Gutierrez was walking too closely to her family or other patrons to observe a crack in the sidewalk would be at most a distraction of her own making, and thus not a basis for Six Flags's liability. See *Robinson*, 268 Ga. at 744 (2) (a) (collecting cases in which a self-induced distraction cannot serve to excuse an invitee's failure to observe an otherwise open and obvious condition). And, although a business displaying attention-seeking merchandise or signage within view of patrons navigating walkways may be considered distractions attributable to the premises owner, see *Sears, Roebuck & Co. v. Chandler*, 152 Ga. App. 427, 430 (1) (263 SE2d 171) (1979), we have clarified that this type of distraction raises a jury question only where the invitee testifies (or presents "some evidence") that they did

7

not see the hazard because of the distraction, *Robinson*, 268 Ga. at 745-746 (2) (a). In the instant case, pretermitting whether or not a permanent structure such as a roller coaster could be considered a distraction, Gutierrez testified that she was looking ahead of her at the time of the fall, and made no mention of being distracted by the presence of a roller coaster. Indeed, she testified explicitly that she was not distracted at the time of the fall. Thus, any reference to such a distraction is mere speculation and would not form the basis to deny summary judgment. See *Faulkner v. Crumbley*, 357 Ga. App. 594, 595 (851 SE2d 164) (2020) ("Guesses or speculation which raise merely a conjecture or possibility are not sufficient to create even an inference of fact for consideration on summary judgment.") (citation and punctuation omitted). Accordingly, Six Flags was entitled to summary judgment, and we affirm the trial court's order.

*Judgment affirmed. Doyle, P. J., and Senior Appellate Judge Herbert E. Phipps concur*.

8